# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

**POST-CONFIRMATION** \_\_FIRST\_\_ **AMENDED CHAPTER 13 PLAN**
(Insert First, Second, etc.)

Docket # \_\_04-43872-JBR\_\_

DEBTORS: (H) _____ SS # _____

(W) \_\_Ivy Lawson\_\_ SS # xxx-xx-0311

**TERM OF THE PLAN:** \_\_36\_\_ Months (Total length of Plan-**not** # of months remaining.)
If the plan is longer than thirty-six (36) months, a statement of cause under 11 U.S.C. §1322(d) must be attached hereto.

**AMENDED PLAN PAYMENT:** Debtor(s) to pay monthly: $ To be paid in full at time of refinancing

**EFFECTIVE** \_\_/\_\_/\_\_ (Insert new payment beginning date.) As allowed by Court

The claims listed below must include amounts previously disbursed by the Trustee on all claims which have subsequently been withdrawn or disallowed.

## I. SECURED CLAIMS:

**A.) CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):**

| Creditor | Description of claim (pre-petition arrears, purchase money, etc.) | Amount of claim |
|---|---|---|
| BankOne | Arrears | $ 548 |
| Wells Fargo | Arrears | $ 2,420 |
| Tempus Palms | Arrears | $ 1,400 |
| Town of Westford | Arrears | 10,037 |
| Centex Home Equity | Arreras | $ 11,382 |

**Total of secured claims to be paid through the Plan** → $ 25,787

**B.) CLAIMS TO BE PAID DIRECTLY BY DEBTOR TO CREDITORS** (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| N/A | |

Page 1

## II. PRIORITY CLAIMS:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total of priority claims to be paid through the Plan: →$ 0

## III. ADMINISTRATIVE CLAIMS:

A.) Attorneys fees (to be paid through the Plan): →$ 1,609

B.) Miscellaneous fees:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| _____ | _____ | →$_____ |
| _____ | _____ | →$_____ |

C.) The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth, utilizes a 10% Trustee's commission.

## IV. UNSECURED CLAIMS:

The regular unsecured creditors shall receive a dividend of __28__ % of their claims.

A.) Regular unsecured claims: →$ 19,957

B.) Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total of A + B regular unsecured claims: = $ 19,957

C.) Multiply total by percentage: (Example: Total of $38,500.00 x .22 dividend = $8,470.00) →$ 5,588

D.) Separately classified unsecured claims (Co-borrower, etc.).

| Creditor | Description of Claim | Amount of claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total amount of separately classified claims payable at ____%:  →$_____

## V. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan: _____

_____

_____

B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

_____

_____

_____

C. Miscellaneous Provisions: _____

_____

D. Set forth below, all changes from the previously Confirmed Plan:

Secured:        Increase to $25,787

Priority:       N/A

Unsecured:      Decreased to $19,957

Term:           Reduced from 36 months till refinancing

Plan Payment:   To be paid in full at time of refinancing

Page 3

a) Secured claims (Section I-A Total): $ 25,787

b) Priority claims (Section II Total): +$ 0

c) Administrative claims (Section III-A&B Total): +$ 1,600

d) Regular unsecured claims (Section IV-C Total): +$ 5,588

e) Separately classified unsecured claims (Section IV-D Total): +$ 0

f) Total of a + b + c + d + e above: =$ 32,975

g) Divide (f) by .90 for total including
   Trustee's fee:     3,664     Cost of Plan =$ 36,639
   (This represents the total amount to be paid into the Chapter 13 Plan.)

h) Subtract the total amount of payments the Debtor
   has paid to the Trustee to date:   <$ 1,488>

i) Total amount left to be paid (g minus h):   =$ 35,151

j) Divide (i) by # of months remaining:   ÷ _____ months
   (Example: Original effective date of Confirmation - December 21, 1995 through current month - December 1996, equals 13 months. Term is 60 months. Subtract 13 from 60 to arrive at 47 months remaining, therefore the Amended Plan payment would begin January 21, 1997.)

k) Round up to nearest dollar:   Amended Plan Payment = $ _____ per month

Amended Payment to begin: Date ___/___/___

Pursuant to the Joint Procedural Order, Debtor/Counsel are required to serve a copy of the Amended Plan upon the Chapter 13 Trustee, all creditors & interested parties, and to file a Certificate of Service accordingly.

_____    1/26/06
Debtor's Counsel              Date

Counsel's Address: 720 Faber Rd.
Braintree, MA 02184   Tel.#(781) 848-5900

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

_____    1/26/06
Debtor                        Date

_____    _____
Debtor                        Date

Created by S.D. Lanning 1997                                      Page 4

OFFICIAL FORM 7
UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re _Ivy Lawson_                                Chapter  13
                                                  Bankruptcy No. _04-43872_

Debtor(s)

## DECLARATION RE: ELECTRONIC FILING

**PART I - DECLARATION**

I, _Ivy Lawson - Amended Post Confirmation Chapter 13 Plan_, (singly or jointly the) hereby declare(s) under penalty of perjury that all of the information contained in my "Document"), filed electronically, is true and correct. I understand that this DECLARATION is to be filed with the Clerk of Court electronically concurrently with the electronic filing of the Document. I understand that failure to file this DECLARATION may cause the Document to be struck and any request contained or relying thereon to be denied, without further notice.

I further understand that pursuant to the Massachusetts Electronic Filing Local Rule (MEFR) 7(b), all paper documents containing original signatures executed under the penalties of perjury and filed electronically with the Court are the property of the bankruptcy estate and shall be maintained by the authorized CM/ECF Registered User for a period of five (5) years after the closing of this case.

Dated: _1/26/06_                    Signed: _[signature]_
                                            (Affiant)

**PART II - DECLARATION OF ATTORNEY: (IF AFFIANT IS REPRESENTED BY COUNSEL)**

I certify that the affiant(s) signed this form before I submitted the Document, I gave the affiant(s) a copy of the Document and this DECLARATION, and I have followed all other electronic filing requirements currently established by local rule and standing order. This DECLARATION is based on all information of which I have knowledge and my signature below constitutes my certification of the foregoing under Fed R. Bankr.P. 9011. I have reviewed and will comply with provisions of MEFR 7.

Dated: _1/26/06_                    Signed: _[signature]_
                                            Attorney for Affiant